UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SCHOMAKER,

    Plaintiff,

v.

KATHRYN JOBLONSKI, et al.,

    Defendants.

_____/

Case No. 1:24-cv-966

Hon. Hala Y. Jarbou

## ORDER

On March 26, 2025, Plaintiff filed a motion for preliminary injunction and temporary restraining order ("TRO") against Defendant City of East Lansing ("East Lansing") seeking to (1) prevent East Lansing from holding a Dangerous Building Hearing scheduled for March 27, 2025; (2) prevent East Lansing from continuing to enforce a "red tag" order that prohibits him from occupying his home; and (3) allow Plaintiff to fix a retaining wall located on his property. (Mot. for TRO, ECF No. 28.) That same day, the Court denied Plaintiff's motion with regard to the time sensitive request to enjoin the hearing scheduled for March 27. (Ord. Den. In Part Pl.'s Mot., ECF No. 29.) Because this case is referred to Magistrate Judge Sally Berens, the remaining requests for emergency relief adhered to the typical report and recommendation ("R&R") process. Magistrate Judge Berens issued an R&R on July 10, 2025, recommending the Court deny those remaining requests. (ECF No. 51.) Plaintiff filed a timely objection. (ECF No. 61.)

### I. LEGAL STANDARD

**A. R&R Review Standard**

Under Rule 72 of the Federal Rules of Civil Procedure,

>the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**B. Preliminary Relief Standard**

The Court must weigh four factors in its TRO and preliminary injunction analysis: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the preliminary relief; (3) whether granting the preliminary relief would cause substantial harm to others; and (4) whether the public interest would be served by granting the preliminary relief. *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). The Court considers the same factors regardless of whether the relief is a TRO or a preliminary injunction. *Ne. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Preliminary relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The four factors "are not prerequisites that must be met, but . . . interrelated considerations that must be balanced together." *Ne. Ohio Coal. for Homeless*, 467 F.3d at 1009. However, the "irreparable harm" factor "is indispensable." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326-27 (6th Cir. 2019). In fact, "a district court is 'well within its province' when it denies [preliminary relief] based solely on the lack of an irreparable injury" because "this factor is dispositive." *Id.* at 327 (emphasis omitted) (quoting *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991)). The injury "'must be both certain and immediate,' not 'speculative or theoretical.'" *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

## II. ANALYSIS

As noted above, Plaintiff has two remaining requests in this pending motion for a TRO and preliminary injunction. He seeks court action that (1) enjoins East Lansing from enforcing its red tag order, and (2) allows Plaintiff to fix the retaining wall located on his property.

### A. Enjoining Red Tag Order

The R&R determined that Plaintiff's requested relief is not sufficiently related to the relief Plaintiff seeks in his lawsuit. Plaintiff objects in general terms, noting that the facts underlying his constitutional claims are relevant to his concerns about East Lansing's ongoing proceedings. That may be; but at this juncture, Plaintiff's articulated connection between his legal claims and the preliminary relief he seeks are too attenuated to justify the extraordinary remedy of a TRO or preliminary injunction. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("[T]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.").

Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Am. Compl., ECF No. 17.) In particular, he challenges the constitutionality of alleged searches on his property. The operative complaint seeks only monetary damages for past harms related to these searches, not prospective relief. Plaintiff's motion, on the other hand, seeks to enjoin East Lansing's ongoing red tag enforcement proceedings. Thus, the interim equitable relief he seeks does not address the harms he alleges in his complaint. Plaintiff "ha[s] no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint." *Colvin*, 605 F.3d at 300.

It is not lost on the Court that the magistrate judge has granted leave for Plaintiff to file a second amended complaint that will likely add supplemental claims pertaining to the impropriety

3

of the ongoing red tag order and Dangerous Building proceedings and a request to enjoin East Lansing's enforcement efforts and adjudication process. (ECF No. 70.) Plaintiff has not yet filed this amended pleading. When he does, the Court can address whether providing such relief would be appropriate in light of the principles that aim to prevent duplicative proceedings and maintain respect for state-level action. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); 28 U.S.C. § 2283 (Anti-Injunction Act).

### B. Fixing the Retaining Wall

The R&R illustrated that Plaintiff faces no resistance from East Lansing regarding his desire to fix the retaining wall. Plaintiff objects to some of the magistrate judge's findings, however, he does not contest this general notion.

The Court agrees with the R&R's conclusion. On this request to fix the retaining wall, Plaintiff faces no irreparable harm absent Court action; East Lansing is not resisting efforts to fix the wall. In fact, East Lansing wants Plaintiff to fix the retaining wall. (Email from East Lansing, ECF No. 28, PageID.398.) Absent any harm—let alone irreparable harm—with regard to Plaintiff's efforts to fix the wall, the Court will deny Plaintiff's request for this preliminary relief.

### III. CONCLUSION

Plaintiff has failed to meet his burden on the preliminary relief he seeks in this motion. His request to enjoin the red tag order does not address the harms he outlines in his complaint, and he has not demonstrated that absent preliminary relief he will face imminent irreparable harm pertaining to his ability to fix the retaining wall.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection to the R&R (ECF No. 62) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 51) is **APPROVED AND ADOPTED** according to the supplemental reasoning outlined in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a TRO and preliminary injunction (ECF No. 28) is **DENIED**.

Dated: August 14, 2025        /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE